**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Junior Scott, a.k.a. Tibal Clarke,** | ) | **Case No. 1:10cv1704** |
| | ) | |
| **Petitioner,** | ) | **JUDGE JACK ZOUHARY** |
| | ) | |
| **v.** | ) | **MAGISTRATE JUDGE GREG WHITE** |
| | ) | |
| **State of Ohio,** | ) | |
| | ) | |
| **Respondent.** | ) | **REPORT AND RECOMMENDATION** |

Petitioner, Junior Scott ("Scott"), a.k.a. Tibal Clarke, *pro se*, challenges the constitutionality of his conviction in the case of *State v. Scott*, Cuyahoga County Court of Common Pleas Case No. 90CR261109.  Scott filed his Petition for a Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on August 4, 2010.  He did not name the Warden of the prison where he is currently located, but instead named the State of Ohio as the Respondent.[1] On December 28, 2010, William D. Mason, Cuyahoga County Prosecutor, responding to this Court's order, filed a Motion to Dismiss on behalf of the State of Ohio.  (Doc. No. 9.)  On January 21, 2011, Michael DeWine, Attorney General of Ohio, also filed a motion to dismiss. (Doc. No. 11.)  Both the Prosecutor and the Attorney General are hereinafter referred to as "Respondents."  Scott filed a separate reply to both motions.  (Doc. No. 10, 12.)  This matter is before the undersigned pursuant to Local Rule 72.2.  For reasons set forth in detail below, it is hereby recommended that the Petition be dismissed.

### I.  Procedural Background

#### A.  Conviction

---

[1]Scott is currently serving a federal sentence at the Butner Federal Medical Center in Butner, North Carolina.  (Doc. No. 11 at 2.)  He is challenging his conviction in Cuyahoga County, Ohio, for drug trafficking and possession of criminal tools.  *Id.*

In 1991, the Cuyahoga County Grand jury issued an indictment charging Scott with two counts of trafficking in drugs and one count of possession of criminal tools.  (Doc. No. 11, Exh. 1.)  On March 28, 1991, a jury found Scott guilty as charged.  (Doc. No. 11, Exh. 3.)  On April 25, 1991, the trial court sentenced Scott to an aggregate term of eighteen months.  (Doc. No. 11, Exh. 4.)

### B.  Direct Appeal

On November 19, 1991, Scott, *pro se*, filed a motion for delayed appeal and a notice of appeal to the Eighth District Court of Appeals, Cuyahoga County, Ohio, ("state appellate court") raising the following assignments of error:

1. The trial court erred in failing to grant the Defendant-Appellant's motion for judgment of acquittal pursuant to Rule 29, Ohio Rules of Criminal Procedure on all counts of the indictment.

    A. The evidence presented by the State of Ohio was insufficient as a matter of law to sustain the conviction of the Defendant-Appellant, Tibal Clark, of Count One of the indictment, the offense of Possession of Cocaine, in an amount equal to or exceeding the bulk amount, but in an amount less than three times the bulk amount.

    B. The evidence presented by the State of Ohio was insufficient, as a matter of law to sustain the conviction of the Defendant-Appellant, Tibal Clark, of Count Two of the indictment, Preparation of Cocaine for Shipment.

    C. The evidence presented by the State of Ohio was insufficient, as a matter of law, to sustain a conviction of the Defendant-Appellant, Tibal Clark, of Count Three of the indictment, Possession of Criminal Tools, to wit: money.

(Doc. No. 11, Exh. 7.)  On October 4, 1993, the state appellate court affirmed.[2]  (Doc. No. 11, Exh. 9.)  No appeal was taken to the Ohio Supreme Court.

### C.  Motion to Vacate Sentence

On June 14, 1993, Scott filed a motion to suspend the further execution of his sentence in cases 90CR261109 and 90CR253956 with the trial court.  (Doc. No. 9, Exh. 6.)  This motion was

---

[2]The Westlaw database reflects the decision date as September 23, 1993.  In reviewing the record, the Court notes that the decision reflects the affirmance date to be October 4, 1993, which is also the date indicated in the Cuyahoga County online docket.

denied on June 21, 1993.  *See* Cuyahoga County on-line docket, Case 90CR253956.[3]

On March 5, 2004, Scott, *pro se*, filed a motion to vacate his sentence based on the grounds that trial counsel was ineffective setting forth five examples:

1.   Counsel failed to challenge the arrest as violative of Petitioner Scott's Fourth Amendment rights in that the arresting officers lack[ed] probable cause neither [sic] reasonable suspicion to believe that Scott was nor had been engaged in any criminal activity involving the possession, sale or distribution of narcotics and to seek suppression of the U.S. currency.

2.   Counsel failed to seek a continuance of trial in order to investigate the prepar[ation of] a defense on behalf of Petitioner Scott.  In this instance, Scott's trial commenced twenty-one (21) days following the Court's appointment of Counsel to represent Scott in this matter and therefore Counsel was unprepared to adequately defend Petitioner Scott during trial.

3.   Counsel's performance during trial failed below the normal in several instances including, cross-examining prosecution witnesses; objecting to hearsay testimony and evidence; denying Petitioner Scott the right to testify in his defense; failing to object to State's improper summation argument; proposed insufficient jury instructions; and failed to object to Court's improper jury instruction.

4.   Counsel failed to pursue an appeal of Petitioner Scott's conviction.

5.   Counsel and neither the trial or sentencing court advised Petitioner Scott of his right to pursue a direct appeal of his conviction and sentence.  And neither did the court inquire into the question of whether Scott was indigent or capable of hiring counsel to prosecute an appeal.

(Doc. No. 11, Exh. 10.)  On May 3, 2004, the court denied the motion.  (Doc. No. 11, Exh. 12.)

Scott timely appealed the denial of his motion to vacate the sentence.  On June 14, 2004, the state appellate court *sua sponte* dismissed the appeal for failure to file a praecipe.  (Doc. No. 11, Exhs. 14, 15.)  The court later agreed to reconsider the case involving the felonious assault and allowed Scott time to file a brief, but after he failed to do so, dismissed the appeal on August 12, 2004.  (Doc. No. 11, Exhs. 16, 17.)  On September 21, 2004, the court denied Scott's final attempt to reinstate his case.  (Doc. No. 11, Exh. 18.)  He did not appeal any of these decisions to the Ohio Supreme Court.

### D.  Motion for Post-conviction Relief

On December 18, 2009, Scott filed a motion for post-conviction relief pursuant to Ohio

---

[3]In 90CR253956, Scott pled guilty on April 25, 1991, to felonious assault.

3

Rev. Code ("O.R.C.") § 2953.21, or in the alternative, for a writ of habeas corpus pursuant to

O.R.C. § 1.08, presenting two issues:

> 1. Whether the Court lacked jurisdiction to impose[ ] the conviction and sentence not withstanding the verdict insofar as to the Petitioner's indictment being defect[ive].
>
> 2. Whether the sentencing court unlawful constructive [sic] amend the indictment during the instruction to the jury.

(Doc. No. 11, Exh. 19.)  The motion was denied on February 2, 2010.  (Doc. No. 11, Exh. 22.)

On April 19, 2010, Scott filed a notice of appeal to the state appellate court, which was

dismissed as untimely.  (Doc. No. 11, Exhs. 23, 24.)  He filed a motion for reconsideration on

May 24, 2010, which was denied on May 25, 2010.  (Doc. No. 11, Exhs. 25, 26.)  No appeal was

taken from any of these orders.

### E.  Federal Habeas Petition

On August 4, 2010, Scott filed a Petition for Writ of Habeas Corpus asserting the

following grounds for relief:

> **Ground One**: Whether the Court of Common Pleas lacked subject jurisdiction to impose[ ] the conviction and sentence due to the Petitioner's indictment being insufficient or defect[ive] due to the above indictment omitted [sic] an essential element.
>
> **Supporting Facts**: Petitioner Clarke argues that the Honorable Court of Common Pleas lacked subject matter jurisdiction to accepted [sic] the jury finding notwithstanding the verdict of guilt under the above indictment for possession of cocaine, preparation of cocaine for distribution, and possession of criminal tools because the above indictment was insufficient and defect[ive], due to the fact that it omitted an essential element, such as aiding and abetting or conspiracy pursuant to Section § 2923.03.
>
> **Ground Two**: Whether the sentencing court unlawfully constructive [sic] amend the above indictment during its instruction to the jury.
>
> **Supporting Facts**: After closing of the State case, the Court instructed the jury that Mr. Scott a/k/a Tibal Clarke is charged with trafficking in drugs along with his co-defendant Arthur Anderson.  The Court further instructed the jury that the indictment further charged petitioner with possession of cocaine in an amount equal to or exceeding the bulk amount but less than three times the bulk amount.

(Doc. No. 1.)

## II.  Custody/Proper Respondent

Respondents point out that Scott is currently in federal custody at the Federal Medical

4

Center in Butner, North Carolina.  (Doc. No. 9 at 4; Doc. No. 11 at 7.)  They argue that if Scott is challenging his future custody in Ohio, the proper party Respondents are the Warden of the federal prison in which Scott is incarcerated and the Ohio Attorney General.  *See* Rule 2(b) of the Rules Governing Section 2254 Cases.  Respondents further argue that the record reflects Scott may have already completed his prison sentence arising from the Ohio conviction.  (Doc. No. 9, Exh. 6.)

For a federal court to have jurisdiction to grant a petition for a writ of habeas corpus under § 2254, a petitioner must be "in custody pursuant to the judgment of a State court."  28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States"); *see Clemons v. Mendez*, 13 Fed. Appx. 277 (6th Cir. 2001) (unpublished); *Schilling v. Franklin County Adult Probation*, 1999 WL 282659 at *1 (6th Cir. Apr. 30, 1999).  In *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (*per curiam*), the Supreme Court interpreted this "statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  *Id*. at 490-91, 109 S.Ct. 1923.  *See Steverson v. Summers,* 258 F.3d 520, 522 (6th Cir. 2001).  However, "after a petitioner's sentence for a conviction has completely expired, the collateral consequences of that conviction are insufficient to render him 'in custody' under § 2254(a). *Schilling* (*citing Maleng* at 490-491).

It is not necessary that a petitioner be in actual physical state custody to be entitled to seek relief under § 2254.  For example, a petitioner who is on parole is deemed to be "in custody" for the purpose of bringing a § 2254 petition.  *Clemons v. Mendez*, 121 F.Supp.2d 1101, 1102 (E.D. Mich. 2000).  "Similarly, a petitioner who, although in actual federal custody, has a state court detainer placed against him for a sentence to be served after release from federal prison is deemed to be 'in state custody' for the purposes of bringing a § 2254 petition."  *Id*. (*citing Maleng,* 490 U.S. at 493-494.)  Furthermore, the *Schilling* Court recognized that if a petitioner is in custody under a second conviction and that conviction's sentence was enhanced by virtue of the prior conviction, the petitioner can challenge the legality of the prior conviction

5

through a federal habeas challenge to the second conviction. *Id.* To meet the "in custody" requirement, the petitioner is deemed to be challenging his current sentence and the petitioner can argue that his present sentence is improper because it was enhanced by the prior, unconstitutional conviction. *Id.*

On June 14,1993, Scott filed a motion with the trial court seeking to suspend further execution of his sentence in which he indicated that he had already served three and one-half years. (Doc. No. 9, Exh. 6.) As Scott received an eighteen month sentence in the case at issue, the remaining time clearly is associated with another sentence. The Court has no information as to the federal conviction or sentence. Further, the Cuyahoga County online docket does not indicate that the Ohio sentencing court referenced any federal convictions or sentences at the hearing. Since Scott is proceeding *pro se*, the Court must liberally construe his Petition. *See Young v. Vaughn*, 83 F.3d 72, 75 (3d Cir.), *cert. denied*, 117 S.Ct. 333 (1996); *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), *citing Haines v. Kerner*, 404 U.S. 519, 520-21; *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). As it is unclear whether Scott may be subject to future custody based on the conviction he is attacking, or whether his sentence is already completed, the Court cannot determine if jurisdiction is proper. Nonetheless, it is clear that Scott's Petition is time-barred.

### III. Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, because Scott filed his habeas petition after the effective date of the AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). In the AEDPA, Congress enacted a period of limitations for the filing of habeas petitions. The statute provides, in relevant part:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application

6

created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1), (2).

While the statute of limitations would normally run from the date that the conviction became final, the Sixth Circuit has recognized that petitioners, whose convictions became final prior to the effective date of AEDPA, have one year from AEDPA's effective date (April 24, 1996) to file a timely federal habeas petition. *See Martin v. Wilson*, 110 Fed. Appx. 488 (2004).

In the instant case, Respondents assert that Scott's Petition is time-barred because it was not filed within the one-year limitations period. They contend that Scott's conviction became final on November 3, 1993, as he had thirty days to appeal to the Ohio Supreme Court from entry of the state appellate court judgment.[4] As this date falls prior to the enactment of AEDPA, Scott had one year from the effective date of AEDPA, or until April 24, 1997, in which to file a timely federal habeas petition. *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001). Scott has not claimed to have filed any motions or postconviction petitions in the state court between October 4, 1993 – the date on which the state appellate court upheld his conviction – and March 5, 2004, the date on which he filed his first petition for post-conviction relief in the trial court. Furthermore, the Cuyahoga County Online Docket indicates no case activity between those dates. By March 5, 2005, Scott was over 2,500 days outside the one-year limitations period.

Although 28 U.S.C. § 2244 permits certain events to toll the AEDPA limitations period,

---

[4]At the time of Scott's appeal, the Rules of Practice of the Ohio Supreme Court required a notice of appeal to be filed within thirty days from judgment. *See* former Ohio Sup. Ct. Prac. R. I, eff. 10/26/89.

7

those provisions are irrelevant in this case.  Tolling events merely pause a clock that has not yet expired.  *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Searcy*, 246 F.3d at 519.  Would-be tolling events cannot revive a limitations period that already expired.  *Id*.  Accordingly, once the limitations period has expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar.  *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003) (*citing Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D. N.Y. 1998)) (Even a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period.); *Webster v. Moore*, 199 F.3d 1256 (11th Cir. 2000).  As Scott filed no motions during the relevant time period, tolling is not applicable.

Scott contends that he may challenge a defective indictment at any time.  *See U.S. v. Hart*, 640 F.2d 856, 857 (6th Cir. 1981).  (Doc. No. 1 at 16.)  He appears to argue that the indictment under which he was convicted did not set forth all the elements necessary required by the statute.  *Id*.  The Rules of Federal Criminal Procedure allow for the sufficiency of an indictment to be challenged at any time.  *See* Fed.R. Crim. P. 12(b)(2)); *see Hart*, 640 F.2d at 857.  If an indictment is not challenged until appeal, it will be construed liberally in favor of its sufficiency.  *Id* at 857-858.  A defendant, however, must show prejudice in order to reverse a conviction on a challenge of the sufficiency of an indictment.  *Id*.  The *Hart* Court, involving a federal conviction, addressed the failure of an indictment to allege that a check was stolen from the mail and that the possessor knew it had been stolen.  It rejected the argument of a defective indictment and held that "[b]y reference to the statute it is within reason to construe the indictment to charge a crime . . . ."  *Hart*, 640 F.2d at 858; *see also U.S. v. Martinez*, 981 F.2d 867 (6th Cir. 1992).

Even if *Hart* is applicable, Scott's argument must fail.  The indictment charges Scott with drug trafficking and possession of criminal tools.  It specifically cites to the appropriate statutes (O.R.C. § 2925.03, § 2923.24).  (Doc. No. 9-1.)  Scott's contention that he is prejudiced as he is innocent, relies upon the argument that there was insufficient evidence on which to convict him.  This argument could have been raised in a timely habeas petition, but it was not.  Furthermore, as the state appellate court reviewed the evidence and found it sufficient to support his

8

conviction, Scott has failed to demonstrate any prejudice.  *State v. Scott*, 1993 WL 379358, *3 (Ohio App. 8th Dist Sept. 23, 1993).

The Court also must determine whether equitable tolling saves Scott's Petition.  The petitioner bears the burden of proving that equitable tolling is applicable.  *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  In order to be entitled to equitable tolling, Scott must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  The Supreme Court reaffirmed *Pace's* two-pronged equitable tolling test in *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010).

Scott failed to demonstrate diligence as he took no action for over ten years.  Neither has he demonstrated any "extraordinary circumstances" that prevented him from timely and/or diligently pursuing his claims in either the State or before this federal habeas Court.  *Pace*, 544 U.S. at 418; *Holland*, 130 S.Ct. at 2562.  Therefore, Scott is not entitled to equitable tolling.

Lastly, the AEDPA statute of limitations may be subject to equitable tolling for a showing of actual innocence.  *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005).  Scott claims actual innocence arguing that the evidence was legally insufficient to support a conviction as he alleged no drugs were ever found on him and that he did not live on the premises where the arrest was made.  (Doc. No. 1 at 16-18.)  To establish actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."  *Souter*, 395 F.3d at 590 (*citing Schlup v. Delo*, 513 U.S. 298, 324 (1998)).  Actual innocence means "factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  The *Schlup* Court further counseled that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'"  *Souter* at 590, (*quoting Schlup*, 513 U.S. at 321.)

Scott has presented no new evidence.  He simply argues that the evidence at trial was insufficient for conviction.  The Court, therefore, finds that Scott's claim of actual innocence fails.

9

Without the benefit of equitable tolling, the instant petition is untimely and should be dismissed.

## IV.  Conclusion

For the foregoing reasons, the Magistrate Judge recommends Scott's Petition be dismissed.

   s/ Greg White
United States Magistrate Judge

Date:   June 2, 2011


## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**